EUSEBIO MORALES ET ALS., Plaintiffs and Appellees, *v.* SEVE-RIANA LÓPEZ ET ALS., Defendants; PILAR SORIA, Intervener and Appellant.

No. 8333.   Argued April 28, 1941.—Decided May 8, 1941.

*Víctor Rivera Colón,* for appellant; *Aureliano Rivas Rosario,* for appellees.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

In the case at bar, the District Court of San Juan rendered judgment for the plaintiffs on August 5, 1939. Some of the defendants appealed, and the appeal was considered frivolous and dismissed by order of July 10, 1940, (57 P.R.R. ____), the mandate being remitted to the lower court on November 16th of the same year.

On December 4, 1940, when the judgment had already been executed and complied with in all its parts, Pilar Soria filed in the lower court a motion to intervene and to answer the complaint. Said motion was filed together with another, entitled: "Motion to annul the proceedings," and an answer. On December 20, 1940, the lower court, after hear-

ing the parties and without any evidence having been presented, denied the motion because it considered that the same had been filed tardily. On December 23, 1940, Pilar Soria was notified of the court's order and copy of the notice was filed in the record. On the 30th of the same month, Pilar Soria requested the reconsideration of the order. On January 2, 1941, the lower court flatly denied the motion for a reconsideration. On the 17th of January, 1941, Pilar Soria appealed to this Court.

On March 6, 1941, the plaintiffs-appellees filed a motion to dismiss the appeal: (a) because the order denying the intervention is not appealable; (b) because even if said order were appealable, the appeal was filed after the expiration of the legal term fixed by Section 295(3) of the Code of Civil Procedure, which term was not interrupted by the filing of the motion to reconsider, since said motion was flatly denied; (c) because the appellant has not filed a transcript of the record; and (d) because the appeal is clearly frivolous.

We think it unnecessary to discuss the first three grounds on which the motion is based, because in our judgment the frivolity of the appeal is so clear and apparent that its dismissal lies.

In the first paragraph of her motion for leave to intervene, the appellant says:

"That during the course of this trial she acquired the property which is the object of the revendication action, and which she was ordered to surrender to the plaintiffs, having done so in fact."

It appears from the record that the complaint for revendication was filed in the District Court of San Juan on December 6, 1937, and that on the 7th of the same month said complaint was recorded in the registry of property in accordance with the provisions of Section 91 of the Code of Civil Procedure. If the appellant, as she alleges, acquired the property in the course of the proceedings for the nullity of the summary foreclosure, of the sale and its record, and

for revendication and damages, filed against her predecessors in title, it is evident that she acquired the property with knowledge of the pendency of the suit, as provided in the above cited Section 91. The appellant could have intervened in the proceedings at any time while they were pending, and she did not do so. Her petition for intervention, filed when the judgment had already been executed through the surrender to the plaintiffs of the possession of the property, by them revendicated, and the recording of their right in the Registry of Property, was tardy and the lower court did not err in denying it. See Section 72, Code of Civil Procedure; *Reyes & Pagán* v. *District Court*, 52 P.R.R. 633, and *Carrasquillo* v. *Ripoll and Maldonado*, 56 P.R.R. 375, wherein it was held that intervention in a lawsuit lies, although judgment may have been rendered and executed in the same, when the judgment that may be rendered or entered in the intervention proceeding can in no way affect the one entered and executed in the principal action, a circumstance which does not concur in the case at bar, since the principal object of the intervention is to request the nullity of all the proceedings and to set aside the judgment already executed.

For the above mentioned reasons the appeal will be denied as frivolous.